**HUSBAND, J., Petitioner,**

**v.**

**WIFE, J., Respondent.**

Family Court of Delaware, New Castle.

Submitted Sept. 14, 1979.

Decided Dec. 18, 1979.

H. Alfred Tarrant, Jr., Wilmington, for petitioner.

A. James Gallo, Wilmington, for respondent.

POPPITI, Judge.

This matter is before the Court on petitioner's motion to modify or terminate an alimony award of $100 per month in favor of respondent by Superior Court Order dated January 25, 1976. Subsequent to a hearing on September 14, 1979 counsel for the parties each submitted letter memorandum articulating their respective positions.

The evidence reflects that as of the date of the Superior Court award on January 25, 1976 the respondent was earning $368 net per month. Her current net monthly income is $730 per month, a 98% increase. The respondent, who has custody of the parties' two minor children, Catherine, D.O.B. 4/15/63, and Paul, D.O.B. 10/1/65, also receives $325 per month in child support from the petitioner. The respondent represented to the Court that she and the children are living with her parents and that they are unable to move into accommodations of their own as a result of her economic circumstances. Testimony also reflects that since the January 1976 award the respondent has been able to save approximately $2,000 out of her various sources of income. This money was used to pay back her parents for money borrowed from them, which money was used to purchase an automobile. The petitioner's net monthly income as of the date of the January 1976 award was $849. Presently the petitioner, now remarried, earns a net monthly income of $1,217.45, a 43% increase. The petitioner's present wife is employed.

It is clear from the above figures that as of the date of the January 1976 alimony award the respondent's net pay was approximately 43% of that netted by petitioner. As of the date of this hearing respondent's net pay is approximately 60% of that presently netted by the petitioner, a 17% increase.

The question becomes: Is the petitioner entitled to a modification of the January 1976 alimony award pursuant to 13 *Del.C.* § 1519? It should be noted at the outset that the petitioner does not claim an inability to pay. Rather, petitioner main-

tains that by virtue of the respondent's present income, she is no longer dependent upon the petitioner for support and thus alimony should be terminated pursuant to 13 *Del.C.* § 1519(c). Petitioner urges that the Court focus its attention on "dependency"[1] as the threshold question. In this regard, petitioner relies on 13 *Del.C.* § 1502(5) as amended 8/13/79, which states that one of the purposes of Chapter 15 is: "To award alimony under this Chapter to a dependent party but only during the continuance of such dependency."[2]

It is clear that the party originally seeking alimony must establish dependency upon the other party. 13 *Del.C.* § 1512(a)(1). Once dependency is established and the other statutory criteria are satisfied the Court must determine not only the *amount* of the alimony award but also the duration of the award. 13 *Del.C.* § 1512(b). In the first instance, therefore, the philosophical guidelines established by 13 *Del.C.* § 1502(5) are mandated by virtue of the implementing statutory scheme. Any attempt, however, to translocate the "continuance of such dependency" guideline into the modification statutory scheme could produce an unreasonable and unworkable result. See, for example, *Opinion of the Justices*, Del.Supr., 295 A.2d 718 (1972).[3]

■ Modification or termination of an alimony award entered pursuant to 13 *Del.C.* § 1512 is governed by 13 *Del.C.* § 1519(c), which provides that " . . . Family Court, on proper showing, may modify or terminate support obligations formerly decreed by the Superior Court." While the term "proper showing" is not specifically defined in Chapter 15 of Title 13, reading the modification subsections of the statutory scheme *in pari materia* compels the Court to hold that "proper showing" means:

a. A showing of real and substantial change of circumstances 13*Del.C.* § 1519(a)(4); or

b. A showing of the death of either party 13 *Del.C.* § 1519(b); or

c. A showing of the remarriage of the party receiving alimony 13 *Del.C.* § 1519(b).[4]

1. Counsel for the petitioner in conjunction with his dependency argument seeks, in effect, to establish that a party netting $400 per month can never receive alimony since that person *is* not dependent by virtue of an extension of the Melson Child Support Formula. $400 is the amount established pursuant to the Melson Formula as the amount allowed for the first working adult in a household. An attempt to draw an analogy between the Melson Formula and an examination of the question of dependency is inappropriate. This Court will not extend the Melson Formula for such a purpose.

2. Nowhere does Chapter 15 of Title 13 attempt to define the term "dependency". It clearly does not mean a "minimal existence" in each case. It may, however, be viewed to have an "elastic" meaning measured against the standard of living established by the parties during their marriage. See *E.P.C. and M.S.C.*, Del. Fam.Ct., No. 1646–78 (11–23–79), Horgan, J.; *J.K. vs. J.K.*, Del.Fam.Ct., No. 4–8163(3–1–76), Warder, J.

3. A literal application of petitioner's position would mean that where an alimony award has been made to an employed obligee (one nevertheless determined to be dependent in spite of current earnings), *any* increase in the obligee's salary would allow the obligor to relitigate the dependency issue. This means that a *permanent alimony* award would generally be redetermined in Court on at least a yearly basis at "raise time". To adopt petitioner's position would be to encourage litigation and discourage the desired process of having all the parties' rights concluded in a single proceeding. See, e. g., *Wife W. v. Husband W.*, Del.Super., 307 A.2d 812 (1973), aff'd, Del.Supr., 327 A.2d 754 (1974).

4. The Court is mindful of language contained in the case of *Husband B. v. Wife B.*, Del.Supr., 295 A.2d 701 (1972) wherein the Court in *dicta* made a passing reference to a standard in 13 *Del.C.* § 1537(c) the predecessor to the statute in question. 13 *Del.C.* § 1537(c) reads in pertinent part as follows:

"Any order entered pursuant to this section shall be enforced in this state exclusively by the Family Court . . . and such Family Court, on proper showing . . . may modify or terminate the support obligation decreed by the Superior Court . . ."

The Court stated that if a party has a remedy in the nature of reconsideration of an alimony award, it exists by "reason of a future change of circumstances." *Husband B. v. Wife B.*, *supra* at 702. It should be noted that the prior

 Having provided some lines of demarcation for the term "proper showing," the question in the case at bar then becomes: "What standards should the Court consider in examining the question of 'real and substantial change of circumstances'?" Certainly the Court recognizes it must examine the respondent's current economic status measured against her economic status at the time of the original order if one is to make a determination of substantial change. To stop the inquiry at this point, however, is not satisfactory, for an equally relevant inquiry is the relative economic circumstances of the parties. See *Wagenschnur vs. Wagenschnur*, Del.Fam.Ct., No. B–9232, (5–4–79) James, J. For example, a substantial reduction in the obligor's income may not require a modification of the award where there has been an increase in the obligee's needs. Similarly, an increase in the obligee's income will not require a modification of the award where the obligor's income has also increased or where the obligor's collateral obligations have been decreased. In each case the obligee is able to establish a continuing need and the obligor is still able to pay. See generally 18 A.L.R.2nd 10 Anno: Modification of Alimony Decree at 17; see also *Mitchell vs. Mitchell*, Del.Super., 77A–DE–17 (9–7–78), Walsh, J.

 The showing of the substantial change of circumstances necessary to warrant modification of the original award must be such as to convince the Court that to enforce the award would produce an undue hardship to the obligor or an undue benefit to the obligee. *Fields v. Fields*, Del.Fam.Ct., No. C–4728 (9–17–79), James, J.; *J.K. vs. J.K., supra.*; *Bach vs. Byrnes*, Del.Fam.Ct., No. C–1246 (12–11–79), Horgan, J.

 Turning to the merits of the petitioner's application, the Court accepts the petitioner's concession of his present ability to pay the original award and therefore finds that a continuation of the award does not produce an undue hardship on him. The question becomes: Does continuation of the award result in an undue benefit to the respondent? The issue is to be resolved on the proper discretion of the Court is: Whether a 98% increase of the net income of the respondent resulting in a 17% change in the relative economic position of the parties warrants modification of the original award? In view of the dramatic increase in the cost of living over the past few years, this Court is not willing to conclude that there has been such a substantial change of circumstances which would result in an undue benefit to the respondent were the award to continue. The result is mandated by the fact that the respondent must care for herself and her three children on a net monthly income of $1,055 per month. While the respondent has improved herself economically, she is not currently in an economic position where a $100 per month alimony award has become an undue benefit to her and therefore not warranted or justified under Delaware law.

The application of the petitioner to modify the January 25, 1976 order of the Superior Court as it relates to alimony is hereby denied.

IT IS SO ORDERED.

---

modification statute established no other conditions pursuant to which an alimony order could be modified other than "on proper showing". For this reason this Court need not feel constrained to limit its interpretation of the "on proper showing" phrase to the very general and vague standard of "future change of circumstances."