**ROSARIO J. L., Respondent, Appellant,**

v.

**JOSEPHINE K. L., Petitioner, Appellee.**

Supreme Court of Delaware.

Submitted April 15, 1981.

Decided May 6, 1981.

James F. Kipp (argued), of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for respondent, appellant.

Richard I. G. Jones, Wilmington (argued), and Marcia Rees, of Prickett, Jones, Elliott & Kristol, Wilmington, for petitioner, appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

In this appeal, we review an order of the Family Court increasing an award of alimony.

The parties were divorced in 1974 after twenty-five years of marriage. Thereafter, the Superior Court, by order dated April 9, 1975, required respondent-husband to pay petitioner-wife alimony in the amount of $15,000 per year. Jurisdiction to make such award has since been transferred to the Family Court by 60 *Del.Laws,* c. 297. See 13 *Del.C.* § 1504.

On December 6, 1979, petitioner filed a petition in the Family Court seeking an increase in alimony pursuant to 13 *Del.C.* § 1519(c) and, after hearing, the Court ordered that such payments be increased by the sum of $5,000 per year. Following that Court's denial of his motion for reargument, respondent docketed this appeal.

The case is governed by 13 *Del.C.* § 1519(c), which provides, in pertinent part, as follows:

> "Any alimony order entered pursuant to § 1512 of this title shall be enforced in this State exclusively by the Family Court ..., and such Family Court, on proper showing of either [the] petitioner or [the] respondent or on its own motion, may modify or terminate support obligations formerly decreed by the Superior Court."

The parties tacitly agree that, when § 1519(c) is read in light of the entire statutory plan, a "proper showing" in this alimony context means a showing of "real and substantial change of circumstances." *Husband J. v. Wife J.,* Del.Fam.Ct., 413 A.2d 1267 (1979). See 13 *Del.C.* § 1519(a)(4).* In effect, the prior alimony award is regarded as the bench mark establishing the relationship between the parties, and a petitioner seeking to change such award must demonstrate that a real and substantial change of circumstances has occurred since the order was entered.

■ The parties agree that from the time of the original alimony award in 1975, inflation has caused a general price rise approximating 48% overall and that, concomitantly,

respondent's income has risen significantly. But a mere rise in inflation, standing alone, does not establish the criteria required for modification under § 1519, *Goldberg v. Goldberg,* Ill.App., 30 Ill.App.3d 769, 332 N.E.2d 710 (1975), and the fact that respondent's income has increased is likewise insufficient for purposes of that provision, *Kaiser v. Kaiser,* Minn.Supr., 290 Minn. 173, 186 N.W.2d 678 (1971). In other words, those factors, whether considered alone or in combination, do not meet the requisite requirement of a "real and substantial change of circumstances".

■ There is, however, other evidence which must be considered in addition to the above factors. The record shows that petitioner is handicapped by multiple sclerosis, she cannot be gainfully employed and she must pay others to perform certain services for her that some women do for themselves. Furthermore, since 1975 petitioner's rental payments have risen by approximately 43% and her payments for insurance, telephone and automobile maintenance have also increased. In our view, that assemblage of circumstances, together with a 48% inflationary price rise and petitioner's unemployability, clearly establishes a real and substantial change of circumstances. Since all of those facts were before the Trial Judge when he made his ruling, it is reasonable to assume that he considered them in fixing the amount of the increase. Stated in appellate terms, we are not persuaded that the Trial Court abused its discretion in increasing petitioner's alimony award by $5,000.

Finally, it appears that prior to the Family Court's order modifying the alimony award, respondent had voluntarily been paying petitioner $16,800. per year in alimony, which is $1,800. more than that required by the Superior Court's 1975 order. The Family Court's order increases the alimony award to $20,000, which includes the

---

* 13 *Del.C.* § 1519(a)(4) states:

"(a) A decree or separate order entered under § 1518 of this title may be modified or terminated only as follows:

. . . .

(4) Alimony or any other relief awarded, only upon a showing of real and substantial change of circumstances."

$1,800.; thus, the increase amounts to $3,200. per year.

Affirmed.