Pierce W. GLASS, Petitioner,

v.

Barbara T. GLASS, Respondent.

Family Court of Delaware,
Sussex County.

Submitted: June 9, 1986.
Decided: Jan. 5, 1987.

T. Henley Graves, Georgetown, for petitioner.

William Wright, Dover, for respondent.

ROBINSON, Judge.

Pierce Glass has moved the Court to terminate the alimony which he pays to his former wife, Barbara Glass, pursuant to an order of this Court of September 25, 1984.

The order which Pierce Glass seeks to modify deals with various property and support matters ancillary to the divorce between the parties. With respect to alimony the order provides as follows:

Pierce W. Glass shall pay to Barbara Towers Glass the sum of $619 per month as alimony.

The provisions of the Delaware Code pertaining to the termination or modification of alimony are found in Section 1519 of Title 13. Subsection (a)(4) provides that orders directing payment of alimony may be altered "only upon a showing of real and substantial change of circumstances." In addition, Subsection (b) directs that an obligation to pay future alimony terminates on the death of either party or the remarriage of the party receiving alimony, unless otherwise agreed by the parties in writing and expressly provided in the decree.

Here, Pierce Glass alleges real and substantial change of circumstances due to employment by Barbara Glass and her cohabitation with one Jesse Hignutt. Barbara Glass denies the employment; she

admits that Jesse Hignutt resided at her home (she states he left the home prior to the hearing) but denies that he made any substantial financial contribution to her.

 Under the practice in this jurisdiction, the party seeking to modify or terminate the alimony order bears the burden of establishing a real and substantial change of circumstances. *Rosario J.L. v. Josephine K.L.*, Del.Supr., 431 A.2d 1256 (1981). Under the standard adopted by the Delaware Supreme Court in *Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213 (1983) at 1216 "(t)he challenging party must show that enforcement of the award would produce an undue hardship to the challenging party or an undue benefit to the other party. *Husband J. v. Wife J.*, Del.Fam., 413 A.2d 1267, 1270 (1979)."

 Pierce Glass attempted to establish that Barbara Glass had been employed at F & P Trucking Company in Federalsburg, Maryland. Barbara Glass testified that between January 1984 and September 1985 she spent some time doing office chores at the trucking firm's office. Her undisputed testimony was that she received no money for these services and that she helped out in the office because she was seeing a man who worked there. Her testimony was that she was present a "couple of times a week" for a "couple of hours" and that the largest number of hours she worked in any one week was 4 to 6 hours. She described her contributions as including some typing, running errands, and making deliveries. Pierce Glass offered no evidence disputing this account or showing that Barbara Glass had received compensation.

I do not believe that this limited, essentially volunteer office work amounts to a change of circumstances which is real and substantial, as required by Delaware law. It may indicate some ability of Barbara Glass for limited employment, despite her disability from multiple sclerosis; however, the issue of dependency may not be relitigated at this time on a motion to modify or terminate alimony. See *Husband J. v. Wife J., supra.* What the Court must look to is real and substantial change in the parties' situation which results in an unfair

burden on payor, *Gertrude L.Q. v. Stephen P.Q., supra.* Such circumstances do not exist here.

The Court next turns to the issue of cohabitation as the basis for terminating or modifying the order. The Delaware Code, unlike the statutes of some states, does not specifically include cohabitation as a ground for modifying or terminating an alimony decree. The Delaware Supreme Court in its 1981 decision in *Husband B.W. D. v. Wife B.A.D.*, Del.Supr., 436 A.2d 1263 (1981) was evenly divided on the issue of whether cohabitation, in and of itself, constitutes a basis for terminating alimony. That case, by virtue of the split decision, affirmed a Family Court ruling that cohabitation alone would not operate to terminate alimony, absent a showing of changed circumstances.

The one Supreme Court decision since the *B.W.D.* case which touches on the issue of termination of alimony is *Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213 (1983). That decision involved the proper construction of a stipulated agreement to pay alimony unless the wife cohabited, whereas the instant case involves modification of a court order. However, the Court's discussion in *Gertrude L.Q.* suggests that cohabitation, in and of itself, is not a ground for modification of an order. 466 A.2d 1213 at 1216. In that decision the Court limited the application of Section 1519(a)(4)—which provides for modification upon a showing of real and substantial change of circumstances—to court decrees and orders. It also recognized that the inclusion of a cohabitation provision in an alimony agreement was a permissible contractual modification of statutory rights. Thus, the Court implies that termination upon cohabitation is not a ground under Section 1519(a)(4) for modification or termination of an alimony order.

In *Gordon v. Gordon*, Del.Fam., CA No. 1705–77 (April 12, 1983), Judge Arsht of the Family Court adopted the view expressed by Justices Quillen and McNeilly in the *B.W.D.* case that cohabitation alone would not support modification of an alimony order. However, in that case, Judge

Arsht found that a cohabitator's financial contributions amounted to a "real and substantial" change and accordingly reduced the alimony order and directed reimbursement.

The majority rule among the States appears to be that alimony may not be terminated upon mere cohabitation by the recipient. The issue was recently before the Supreme Judicial Court of Massachussetts in *Gottsegen v. Gottsegen*, Mass.Sup.Jud. Ct., 397 Mass. 617, 492 N.E.2d 1133 (1985). That Court reasoned that, as the fundamental purpose of alimony is to provide economic support to a dependent spouse, a court may not limit alimony for reasons unrelated to this purpose. Thus, "any event that triggers a change in alimony must bear some relation to the financial circumstances of the parties." If the supporting spouse is able to show that, as a result of cohabitation, the recipient spouse's economic circumstances have materially changed, modification is in order.

■ I am persuaded by these authorities that cohabitation, in and of itself, should not be the basis for termination or modification of an alimony order or decree. Rather, there must be some showing that the cohabitation has led to a real and substantial change in the recipient spouse's economic circumstances.

■ Evidence offered by movant in this case falls short of such a showing. Both Barbara Glass and Jesse Hignutt testified that his financial contribution had been minimal, essentially limited to an occasional purchase of groceries and restaurant meals. There was no showing of regular or substantial financial contributions by Mr. Hignutt. Thus, the Court is unable to conclude that there has been a showing of real and substantial change of circumstance sufficient to modify or terminate the Court's order of September 25, 1984.

As the Court has concluded that termination or modification is not proper, there is no need for it to determine the period of cohabitation or whether reimbursement is proper.

The motion of Pierce Glass for Termination of Alimony is hereby DENIED.[1]

---

1. As discussed by Justices Duffy and Horsey in the *B.W.D.* case, *supra.*, there may well be valid reasons for a policy which terminates alimony upon a showing of cohabitation, or for establishing a presumption that a change in circumstances accompanies cohabitation. However, such a policy should, I believe, be addressed by the State legislature. It is noted that recent legislation proposed by the Sections on Family Law and Women and the Law of the Delaware State Bar Association provides for termination of alimony upon the cohabitation of the recipient party, unless the parties otherwise agree in writing. The Court also notes that any court-established rebuttable presumption of a change in circumstances when a recipient is found to be cohabiting would result in a conflict with the burden of proof rule of the *Rosario J.L.* case, *supra.* whereby the burden of proof is on the party seeking modification.