**Elizabeth CAMPBELL, Respondent
Below, Appellant,**

v.

**Edgar CAMPBELL, Petitioner
Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 9, 1986.
Decided: March 18, 1987.
Rehearing Denied April 6, 1987.

. Barbara D. Crowell (argued) and James B. Ropp, Morris, James, Hitchens & Williams, Wilmington, for respondent below, appellant.

Gerald Z. Berkowitz and Alan N. Cooper (argued), Berkowitz, Greenstein, Schagrin & Coonin, P.A., Wilmington, for petitioner below, appellee.

Before HORSEY, MOORE and WALSH, JJ.

WALSH, Justice:

This appeal from the Family Court presents the question of whether the Family Court may open a final judgment awarding property incident to a divorce decree to modify its property award because of the post-judgment change of circumstances in the earning capability of one of the parties.[1] The Family Court invoked such authority under a rule of court which permits the reopening of judgments, and made a reallocation which reduced the wife's award.. We conclude that the Family Court lacks such authority and we accordingly reverse.

The extensive factual background of this marital dispute is set forth in an earlier opinion of this Court, which affirmed in part and reversed in part the 1980 decision of the Family Court, which had granted a contested divorce to the husband and ruled upon ancillary matters. *E.E.C. v. E.J.C.*, Del.Supr., 457 A.2d 688 (1983). In part, we concluded that the home occupied by the wife, referred to as the "separation home," should be awarded entirely to the wife with certain outstanding liens assumed by the husband. The rationale for this ruling was twofold: (1) the husband's diversion, "if not dissipation" of $340,000 in marital property interests and (2) the "outright and unfettered assignment" to the husband of his law practice which, while lacking in significant market value, was "of incalculable value * * * in terms of providing him with a secure and substantial income in the future." 457 A.2d at 699. Upon remand the Family Court was directed to enter an order which, *inter alia*, awarded the separation home to the wife free and clear of any liens.

On May 13, 1983, an order was entered in the Family Court in conformity with our mandate, which issued on February 16,

1. The names as reflected in the caption are pseudonyms to provide confidentiality. Although no longer married, the parties will continue to be referred to as "husband" and "wife."

1983. This order, in the form of a judgment, concluded all outstanding issues in this lengthy litigation. On May 10, 1983, the husband had suffered a stroke, evidenced by a narrowing of the left carotid artery of the neck. He was hospitalized and later underwent rehabilitation. He continued to practice law on a restricted basis until he suffered a seizure on June 12, 1984. Despite additional rehabilitative efforts, the husband was unable to resume his previous occupation and is considered totally disabled. His principal source of income since 1984 has been Social Security disability benefits.

On September 26, 1984, husband filed a petition in the Family Court seeking to reopen the May 13, 1983, judgment so that the Family Court could modify its property award to reflect his loss of earning capacity. After an evidentiary hearing the Family Court awarded the husband a one-half equity interest in the separation home and reimbursement for his payment of a lien on that home, reduced by the wife's interest in the husband's law practice as of June 19, 1980. The total award to the husband amounted to $46,150. The wife appeals that award.

In granting relief to the husband the Family Court determined that it had authority to reopen the May 13, 1983, final judgment upon a showing that the petitioner's plight resulted from "most unusual and unpredictable changes in circumstances." The court then concluded that the husband had satisfied his burden of demonstrating the requisite extraordinary change of circumstances. In this appeal the wife disputes both the authority of the Family Court to reopen a marital property judgment due to post-judgment events, as well as the Family Court's conclusion that the evidence in this case supported a finding of extraordinary change. In view of our conclusion that the Family Court erred as a matter of law in attempting to reopen the judgment in this case, we deem it unnecessary to address the level of proof contention.

As the Family Court recognized, its authority to open or modify a judgment is governed by 13 *Del.C.* § 1519(a)(3),[2] which incorporates the standard contained in Superior Court Rule 60(b)(6).[3] Since the statute imparts no separate principle and expressly defers to the Rule we look to the latter, and decisions applying it, for guidance.

In *Jewell v. Division of Social Services,* Del.Supr., 401 A.2d 88 (1979), this Court construed the broad language of Rule 60(b)(6) in light of federal case law interpreting its counterpart under the Federal Rules of Civil Procedure. We adopted an "extraordinary situation or circumstances" test flowing from *Klapprott v. United States,* 335 U.S. 601, 613–615, 69 S.Ct. 384, 389–390, 93 L.Ed. 266 (1948) and *Ackermann v. United States,* 340 U.S. 193, 199–200, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1949). 401 A.2d at 90. In *Jewell* we reversed a Superior Court refusal to open a judgment in the face of a failure by the Division of Social Services, one of the parties to a stipulation terminating custody litigation, to comply with terms of the stipulation. The obvious rationale for that holding was that where one party has failed to comply with or frustrated an implied condition of a stipulation, reduced to judgment, which foreclosed an appeal, the aggrieved party should be permitted the opportunity for review through a reopening of the stipulated judgment. The application of Rule 60(b)(6) in *Jewell* was grounded on considerations akin to the equitable concept of

---

**2.** § 1519 provides:

(a) A decree or separate order entered under § 1518 of this title may be modified or terminated only as follows:

\* \* \* \* \* \*

(3) Property disposition, only upon a showing of circumstances that would justify the opening or vacation of a judgment under the Rules of the Superior Court of this State.

**3.** This Rule provides:

**(b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \* \* \*

(6) any other reason justifying relief from the operation of the judgment.

"clean hands." The Rule finds little application in situations where, as here, it is not claimed that the party resisting reopening of the judgment has failed to comply with its terms or frustrated its underlying assumptions.

The husband claims no injustice in the original judgment, although he was obviously dissatisfied with its terms. Nor is there any claim that the wife has not proceeded in good faith in accepting the benefits and obligations of the earlier property award. A judgment which seeks finally to resolve the terms of a previous relationship should not be revisited simply because there is a post-judgment change in circumstances. Even the all-encompassing language of Rule 60(b)(6) does not contemplate that result. *Merrill v. Merrill*, Me. Supr., 449 A.2d 1120, 1125 (1982). Where property rights have vested as a result of the judgment, even though when measured by subsequent events the terms of the judgment may seem to work a disparity, those rights should not be disturbed. *Bachtle v. Bachtle*, Del.Supr., 494 A.2d 1253, 1256 (1985). The need for finality, particularly in the property aspects of final judgments in marital disputes, precludes modification in circumstances which might permit reopening of a hearing after the conclusion of evidence but before the entry of the judgment. *Cf. Wife F. v. Husband, F.*, Del.Supr., 358 A.2d 714 (1976).

To permit the opening of final judgments in divorce actions to modify property awards based on a post-judgment change of circumstances not only ill serves the principle of finality but would lead to chaotic results. If post-judgment ill fortune can justify reallocation, so too should a subsequent beneficial change of circumstances which alters the comparative financial positions of the parties. An unexpected inheritance or gift which was not factored into the property allocation may "enrich" one party to the point where the property previously awarded is disproportionate to present needs. To entertain reopening of final judgments on such grounds would lead to endless applications based on little more than turns of fate.

We recognize that the award of the separation home to the wife in this case was balanced, in part, by the husband's entitlement to his law practice as a means of future livelihood. But, as noted in our previous opinion, the practice had only token objective value and was a potentially valuable property right unique to the husband. While we are sympathetic to the unfortunate events which led to the loss of this property interest, the loss resulted from an after-acquired personal inability to benefit from an asset from which the wife had benefited little in the past and which she could not possess in her own right. Moreover, the award of the separation home was based on dual considerations: the husband's property interest in his law practice and his diversion or dissipation of marital funds. The latter basis is not affected by his present disability.

Finally, we note the distinction between the power of the Family Court to modify an order awarding alimony under 13 *Del.C.* § 1519(a)(4) "upon a showing of real and substantial change of circumstances" and the standard applicable to an attempted reopening of a judgment awarding property. The less rigorous standard which justifies the modification of an alimony award is consistent with the continuing nature of such relief and the need for the Family Court to be able to respond to change in the comparative circumstances of the parties to which such *in futuro* judgments are directed. The previous award of alimony is thus viewed as a "benchmark," subject to revision. *Rosario J.L. v. Josephine K.L.*, Del.Supr., 431 A.2d 1256, 1257 (1981). By contrast, a final judgment awarding property vests absolute title in the distributees with the clear right of alienability. With respect to awards of real property, where the grant of a fee simple title often results, it is essential that the distributees, and third parties dealing with them, not be subject to post-judgment claims which would jeopardize the state of the title received. *Mendell v. Mendell*, N.J.Super., 393 A.2d 600, 603 (1978).

Federal cases relied upon by husband in support of his argument that Rule 60(b)(6) may be applied to correct "injustices" aris-

ing subsequent to the entry of the order involve situations in which the party resisting the reopening of the judgment was guilty of overreaching, *Klapprott v. United States,* 335 U.S. at 601, 69 S.Ct. at 384, or in which that party would not be prejudiced by the modification. *In Re Durkalec,* Bankr.E.D.Pa., 21 B.R. 618 (1982). Here the prejudice to the wife, who has proceeded in good faith, is obvious.

The Family Court's decision to reopen a final judgment under Rule 60(b)(6), though motivated by understandable concern for the husband's unfortunate situation, was in error. However well motivated, the Court may not modify a final property division judgment in favor of one party to correct the unexpected effects of post-judgment events which the other party did not contribute to or cause. To so construe the Court's power to reopen a judgment would transform Rule 60(b)(6) from a method for the relief of an injustice to a device for the creation of a separate injustice.

REVERSED.