Willard H. NORRIS,* Petitioner/Cross–Respondent Below, Appellant,

v.

Margaret K. NORRIS, Respondent/Cross–Petitioner Below, Appellee.

No. 33,2002.

Supreme Court of Delaware.

Submitted: Sept. 10, 2002.
Decided: Oct. 23, 2002.

---

\* Pseudonyms for the parties have been adopted, *sua sponte,* pursuant to Supr. Ct. R. 7(d). Although the parties are no longer married, for ease of understanding they will be referred to in this opinion as "Husband" and "Wife."

Michael K. Newell, Esquire and Judy M. Jones, Esquire, Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware, for Appellant.

Thomas D. Shellenberger, Esquire, Cooch and Taylor, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH and BERGER, Justices.

PER CURIAM:

In this appeal from the Family Court, we address the question of whether the maintenance of life insurance incident to an order of support is subject to modification when a subsequent reduction in support obligations renders the continued maintenance of the original amount of insurance unnecessary. The Family Court viewed the life insurance requirement a part of a marital property allocation and thus not subject to reallocation due to changed circumstances. We conclude that the insurance in question served only to buttress the support obligation and its modification is not controlled by the decisional standards prohibiting the reallocation of property rights. Accordingly, we reverse.

I

The parties were divorced in 1994. Incident to that proceeding the Family Court

entered an order requiring the husband to pay monthly alimony and substantial child support for three minor children. The Husband was also ordered to maintain an existing life insurance policy in the amount of $750,000 for the benefit of the Wife and children. By August, 2000, the alimony payment had been substantially reduced and the child support obligation decreased by almost one-half to reflect the attainment of majority age by two of the children:

In May, 2001, Husband filed a petition in the Family Court seeking a modification of both the alimony and child support orders. The principal ground advanced by Husband at a subsequent hearing was that the business, of which he was the sole owner, had suffered a significant loss of revenue when a primary client departed. Because two of the children attained majority age, Husband also sought to be relieved of the obligation to maintain the life insurance policy.

The Family Court rejected Husband's petition ruling, that while there had been a loss of business income, Husband continued to control a company with substantial assets out of which he could pay both alimony and child support. With respect to the maintenance of life insurance, the court ruled that it had no authority to modify the ancillary order that treated the existing life insurance as property of the parties not subject to reallocation.

## II

■ We review the Family Court's denial of modification order under an abuse of discretion standard to the extent the court's ruling was based on evidence presented to it. *Gray v. Gray,* 503 A.2d 198, 201 (Del.1986). Questions of law, however, are reviewed *de novo* to determine the correctness of the trial court legal rulings. *Yost v. Johnson,* 591 A.2d 178, 181 (Del.1991).

## A.

■ We find no abuse of discretion in the Family Court's refusal to reduce Husband's alimony and child support obligation on the basis that he suffered a diminution in income. The Family Court was not persuaded that Husband, who has a demonstrated history of success in the advertising business, expended sufficient effort to secure employment commensurate with his skills. Moreover, there was evidence to support the Family Court's conclusion that Husband had sufficient assets available to him to meet his current support obligation. Accordingly, consistent with our standard of review, we find no abuse of discretion in the Family Court's rejection of husband's modification petition based on decreased income.

## B.

■ The requirement that the Husband maintain life insurance for the benefit of the Wife and his minor children was imposed by the Family Court in a September 22, 1995 order entered pursuant to 13 *Del. C.* § 1513(e). That order required Husband "to make Wife and the three minor children the primary beneficiaries of each of his life insurance policies" with each to "remain a beneficiary for as long as Husband has a child support or alimony obligation to him or her." Section 1513(e) of Title 13 of the Delaware Code permits the Family Court to require maintenance of life insurance policies as part of the marital property allocation and Wife argues that such direction constitutes a disposition of marital property, not subject to reopening or reallocation. The Wife places strong reliance, as did the Family Court, on this Court's decision in *Campbell v. Campbell,* 522 A.2d 1253 (Del.1987).

In *Campbell,* the husband sought to reopen a property division order of the Fam-

ily Court because he had become disabled and unable to continue in his profession. The Wife had been awarded the parties' home as a partial offset to the Husband's greater future earning potential. In reversing a Family Court ruling reopening the marital division judgment, this Court concluded that the property division was properly balanced at the time it was entered and was not subject to reconsideration. We noted that "modify[ing] property awards based on a post-judgment change of circumstances not only ill serves the principle of finality but would lead to chaotic results." *Id.* at 1255.

While *Campbell's* stricture against reopening property allocation continues in effect, we do not believe its reach extends to cases where, as here, the maintenance of life insurance was intended to provide a safety net in the event of the death of the obligor-spouse. The Family Court's 1995 order requiring the maintenance of life insurance, by its express language, linked that obligation directly to child support and alimony obligations. The life insurance ruling was not part of a balancing of property entitlement between the parties but served solely as security for the Husband's other support and alimony obligation. As these obligations decrease over time, as they have, the buttressing of these duties through life insurance in the original amount is unnecessary. Husband is now responsible for the support of only one child, who will reach majority in five years, and his current alimony payments are significantly less than when initially imposed in 1995.

The decision of the Family Court is AFFIRMED in part, and REVERSED in part and REMANDED for further proceedings consistent with this opinion.