**Rhonda G. HOFFMAN, Petitioner Below, Appellant,**

v.

**James L. HOFFMAN, Jr., Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 15, 1992.
Decided: Oct. 15, 1992.

Norman E. Levine of Levine & Thompson, Wilmington, for appellant.

William L. O'Day, Jr. of Motter & O'Day, Wilmington, for appellee.

Before VEASEY, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal following the entry of a final divorce decree by the Family Court. 13 *Del.C.* §§ 1518(a) and 1523. The petitioner-appellant, Rhonda G. Hoffman ("the Wife"), has raised two issues. First, the Wife contends that the Family Court abused its discretion in vacating the prior decree which had divorced the parties. Second, the Wife contends that the Family Court was without authority to adjudicate the respondent-appellee, James L. Hoffman, Jr. ("the Husband"), mentally incompetent. This Court has decided that the judgments of the Family Court should be affirmed.

### Facts

The parties were married on October 1, 1988. They separated in July, 1989. The next month, August of 1989, the Husband was involved in a motorcycle accident. It is undisputed that the Husband was rendered physically and mentally incompetent as a result of the accident.

On August 7, 1990, the Wife filed a petition for divorce on the alternate grounds of incompatibility and misconduct. Following service of the divorce petition, the Husband's father, James L. Hoffman, Sr., filed a petition, with supporting affidavits, requesting to be appointed as the guardian *ad litem* for his son. That petition was granted pursuant to an order which was entered by the Family Court on February 28, 1991. Fam.Ct.Civ.R. 17(b).

The Husband's guardian *ad litem* filed an answer to the divorce petition on March 8, 1991. The answer admitted the parties' incompatibility but denied the allegation of misconduct. The Husband's guardian *ad*

*litem* also filed a counterclaim for divorce and a petition for ancillary relief.

The parties were divorced by a decree dated April 23, 1991. Ancillary jurisdiction was retained. Following the entry of the divorce decree, the Family Court held a conference on November 27, 1991, to schedule the parties unresolved petitions for ancillary relief.

One of the issues addressed during that scheduling conference was the Husband's request for alimony. The Husband's guardian *ad litem* asserted that the provisions of 13 *Del.C.* § 1518(f) were applicable to the Husband's ancillary petition for alimony and, therefore, that the Husband was eligible to be awarded alimony for an indefinite period of time. That statute provides:

> No decree that may enter shall relieve a spouse from any obligation imposed by law as a result of the marriage for the support or maintenance of a spouse adjudicated to be mentally incompetent prior to the decree, unless such spouse has sufficient property or means of support.

In support of the Husband's position, the guardian *ad litem* cited the first paragraph of the February 28, 1991 order effectuating the guardian's appointment. That paragraph read:

> Respondent, James L. Hoffman, Jr., is adjudicated mentally incompetent.

The Wife responded that there had been no prior "adjudication" of the Husband's incompetence, as that term is used in 13 *Del.C.* § 1518(f), since there had been no hearing on that issue, when the Family Court signed the Husband's proposed form of order appointing a guardian *ad litem*.

The Family Court agreed with the Wife's contention that a condition precedent to an "adjudication" of incompetency was a hearing. Therefore, the Family Court concluded that it had been an "oversight" to approve paragraph one in the form of order, submitted by the Husband, which it had

executed appointing the Husband's guardian *ad litem*. On November 27, 1991, the Family Court "corrected" the February 28, 1991 order, *ex mero motu*, by deleting the first paragraph. As authority for that action, the Family Court relied upon its authority to correct "oversights." Fam.Ct. Civ.R. 60(a).

■ The Husband promptly filed a motion for relief from the Family Court's November 27, 1991, judgment, "correcting" the February 28, 1991 order.[1] In that motion, the Husband alleged that he had relied to his detriment upon the language in paragraph one, "adjudicating" him incompetent, which had been stricken from the order appointing the guardian *ad litem*. In particular, the Husband argued that his ancillary petition for alimony would be substantially affected adversely, since 13 *Del.C.* § 1518(f) required an adjudication of mental incompetency *prior* to the entry of the divorce decree. In the absence of a prior adjudication of his mental incompetency, the Husband argued that instead of a right to seek financial support from the Wife, for an unrestricted time period, his right to alimony would be limited to a period of time not exceeding one-half of the length of the parties' very short marriage. *See* 13 *Del.C.* §§ 1512(d) and 1518(f).

The Family Court granted the Husband's motion for relief from its November 27, 1991 judgment, which had "corrected" the February 28, 1991 order. The Family Court afforded the Husband that relief on February 19, 1992, by vacating the prior divorce decree.[2] That same day, it held a hearing and adjudicated the Husband mentally incompetent. The proceedings on February 19, 1992 concluded with the entry of the (second) final divorce decree which is the basis for the present appeal. The ancillary proceedings in this matter have been

---

1. The actions attributed to the Husband in this opinion were taken, on behalf of the Husband, by his guardian *ad litem*. A guardian *ad litem* is not a party to the litigation. *Wilmington Trust Company v. Hahn*, Del.Supr., 241 A.2d 517, 521 (1968). "The real party is the person for whose benefit the suit is prosecuted." *Id.*

2. The Family Court previously ascertained that neither party had remarried since the entry of the divorce decree on April 23, 1991.

stayed by the Family Court during the pendency of this appeal.

### Relief From Judgment Exercise of Discretion

The Family Court granted the Husband's motion for "relief from judgment," pursuant to Family Court Rule 60(b)(6). That subsection permits remedial action on the basis of "any other reason justifying relief." This Court has previously considered the specific meaning of those identical words in Superior Court Civil Rule 60(b)(6). *Jewell v. Division of Social Services,* Del. Supr., 401 A.2d 88 (1979) (quoting *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)). In *Jewell,* this Court concluded that those words vest the trial courts with power "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.*

A motion for relief under Family Court Civil Rule 60(b) is addressed to the sound discretion of the trial court. *Wife B. v. Husband B.,* Del.Supr., 395 A.2d 358, 359 (1978). Accordingly, the Family Court's ruling on such a motion will be set aside on appeal only for an abuse of discretion. *Id.* However, when examining a trial court's action on a motion filed pursuant to Rule 60(b)(6), this Court has also adopted an "extraordinary circumstances" test and superimposed it upon the "abuse of discretion" standard of appellate review. *Jewell v. Division of Social Services,* 401 A.2d at 90. Thus, the exercise of discretion by the Family Court in this matter, pursuant to Rule 60(b)(6), must be examined by an application of that "extraordinary circumstance" test.

The record reflects that the Family Court entered an order appointing a guardian *ad litem* for the Husband on February 28, 1991. Paragraph one of that order provided:

> Respondent, James L. Hoffman, Jr., is adjudicated mentally incompetent.

The record also reflects that the Wife never objected to or petitioned for relief from the "adjudication" of the Husband's incompetency in the first paragraph of the Family Court's order of February 28, 1991. In fact, not long after that order was entered, the Husband's guardian *ad litem* petitioned for "alimony," [3] alleging the Husband's incompetency. The Wife filed a response to that petition for alimony on March 19, 1991, which *admitted* that the Husband was mentally incompetent.

Nevertheless, on November 27, 1991, the Family Court *ex mero motu* "corrected" its February 28, 1991 order, by deleting paragraph one, which had "adjudicated" the Husband mentally incompetent, on the basis that it had never held a hearing to determine that issue. The "corrective" order, which the Family Court entered *sua sponte* on November 27, 1991, effectively precluded the Husband from receiving alimony indefinitely, even if he was otherwise eligible for such an award. 13 *Del.C.* § 1518(f). Consequently, in the interests of justice, the Family Court granted the Husband relief from what it perceived to be the injustice of its *sua sponte* corrective order, by vacating the parties divorce decree for the purpose of holding a hearing to "adjudicate" the Husband's competency, prior to the entry of a divorce decree. 13 *Del.C.* § 1518(f).

The record supports the Family Court's finding that its *sua sponte* decision to delete the first paragraph from its February 28, 1991 order substantially affected the Husband's right to alimony. The record also supports the Family Court's finding that the Husband relied to his detriment upon its order of February 28, 1991, as well as the Wife's acquiescence therein and admission of his lack of mental capacity, by not requesting a hearing on the issue of his mental competency prior to the entry of the first divorce decree on April 23, 1991. Applying the "extraordinary circumstances" test to the facts in the record, this Court has concluded that the Family Court properly exercised its discretion in granting the

---

3. The record reflects that the petition filed by the Husband was incorrectly denominated as an application for "spousal support." However, without objection from the Wife, that petition was treated by the Family Court as a claim for alimony, ancillary to the divorce proceeding.

Husband's application for relief from its *sua sponte* "corrective" order, by vacating its prior decree divorcing the parties. *Jewell v. Division of Social Services*, Del. Supr., 401 A.2d 88 (1979) (quoting *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)); Fam.Ct. Civ.R. 60(b)(6).

### Family Court Adjudication of Incompetency

 The Family Court has limited jurisdiction. It does, however, have the necessary authority to resolve those matters which are properly before it. *Petition of B & F Towing and Salvage*, Del.Supr., 551 A.2d 45, 48 (1988). The Wife's second contention is that the Family Court had no statutory authority to adjudicate the Husband mentally incompetent. Conversely, the Husband argues that the determination of his mental competency was authorized by statute and relevant to a matter properly before the Family Court, e.g., the length of an alimony award in this divorce proceeding. *Id.*

Section 1518(f) provides:

> No decree that may enter shall relieve a spouse from any obligation imposed by law as a result of the marriage for the support or maintenance of a spouse adjudicated to be mentally incompetent prior to the decree, unless such spouse has sufficient property or means of support.

The operative word in that statute for present purposes is "adjudicated." The definition of that word was carefully examined by this Court, more than twenty-five years ago, in the context of another divorce, when the authority to determine the mental competency of one spouse was also at issue. *Glisson v. Glisson*, Del.Supr., 237 A.2d 393 (1967). In *Glisson*, this Court held that the meaning of "adjudicate" is "to render a judgment *in a case* by the exercise of judicial power." *Glisson v. Glisson*, 237 A.2d at 396 (emphasis added).

The Delaware General Assembly decided to use the word "adjudicate" in 13 *Del.C.* § 1518(f) subsequent to this Court's decision in *Glisson*. The legislature's choice of that precise, previously defined, term vested the Family Court with express statutory authority to determine the mental competence of a spouse prior to its entry of a divorce decree, i.e., to render *that* "judgment in a case by the exercise of judicial power." *Glisson v. Glisson*, 237 A.2d at 396. The Wife's contention, that the Family Court was without statutory authority to "adjudicate" the Husband's mental competency, is contrary to the unambiguous language of 13 *Del.C.* § 1518(f) and the prior decisions of this Court.

### Conclusion

The judgments of the Family Court are AFFIRMED.