## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK WAGNER,[1]<br><br>Petitioner Below,<br>Appellant,<br><br>v.<br><br>EMMA WAGNER,<br><br>Respondent Below,<br>Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 30, 2015<br><br>Court Below—Family Court of State of Delaware in and for New Castle County<br><br>File No. CN13-02397<br>Pet. No. 13-09887 |

Submitted: February 19, 2015
Decided: May 20, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## ORDER

This 20th day of May 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)  The appellant, Frank Wagner ("Husband"), filed this appeal from the Family Court's January 20, 2015 order denying his motion to reopen a stipulated settlement agreement in matters ancillary to his divorce. The appellee, Emma Wagner ("Wife"), has moved to affirm the Family

---

[1] By Order dated January 26, 2015, the Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

Court's judgment on the ground that it is manifest on the face of Husband's opening brief that the appeal is without merit. We agree and affirm.

(2) The parties were married in April 1966 and divorced in June 2013. At the parties' request, the Family Court retained jurisdiction to decide property division, alimony and attorney's fees. On February 19, 2014, one day before the scheduled ancillary hearing, the parties entered into a settlement agreement (hereinafter "Agreement") on "all financial and other matters arising out of their marriage, separation and divorce, including . . . alimony . . . , property division [and] debt allocation." Under the Agreement, the parties "expressly waive[d] any claim . . . to alimony" and "any claim to other and further relief arising out of the parties' marriage, separation, or divorce." The Agreement was filed in the Family Court on February 20, 2014 and was entered as an order of the court on March 5, 2014.

(3) The parties' jointly-owned real property included a condominium in Austria (hereinafter the "Austrian property") and a residential property in Greenville, Delaware (hereinafter the "Greenville property") (collectively the "Real Property"). The Greenville property was subject to a reverse mortgage, which was addressed in the Agreement. The Agreement granted Wife full ownership of the Austrian property and

2

Husband full ownership of the Greenville property and provided that the Greenville Property "is subject to a reverse mortgage with an approximate balance of $475,000." Under paragraph one in the Agreement, Husband was required to vacate the Austrian property "no later than June 30, 2014" and to convey to Wife "all his right, title and interest in [the] property." Wife was required to "indemnify Husband and hold him harmless for all debts, costs, and other liabilities arising out of the Austrian property from the date that Husband vacates the Austrian property." Under paragraph two in the Agreement, Wife was required to vacate the Greenville property "no later than June 30, 2014" and to convey to Husband "all her right, title and interest in [the] property." Husband was required to "indemnify Wife and hold her harmless for all debts, costs and other liabilities arising out of the Greenville property from the date that Wife vacates the Greenville property."

(4)    On January 9, 2015, Husband filed a *pro se* motion to reopen the Agreement. Husband claimed that the division of the Real Property was "unfair, unjust, [and] inequitable," and that he should not be "solely responsible for the reverse mortgage" on the Greenville property. On January 16, 2015, Wife, through counsel, filed a response opposing the motion to reopen. Wife responded that Husband, with the assistance of

3

counsel, signed the Agreement "of his free will" after having had "full opportunity to obtain and consider all relevant information, including the valuations on the respective properties . . . as well as other assets and benefits to which [Wife] would have been entitled, had the ancillary matter proceeded to a hearing." Wife contended that "[n]either party was operating under a mistake as to any element of [the Agreement]," and that there were "no misrepresentations on behalf of [Wife]." Furthermore, Wife contended that she had "acted in good faith reliance on the terms agreed," including executing the documents that transferred ownership in the Greenville property to Husband, and that she had relocated to Austria. By order dated January 20, 2015, the Family Court denied Husband's motion to reopen under Rule 60(b).

(5) Rule 60(b) provides that, "[o]n motion and upon such terms as are just," the Family Court may reopen a matter and relieve a party from a final order.[2] A movant seeking relief under Rule 60(b) must demonstrate

---

[2] Rule 60(b) provides that the Family Court may grant relief "for the following reasons:"

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

4

that the nonmoving party would not be substantially prejudiced if the motion is granted.[3]

(6)     This Court reviews the Family Court's denial of a motion to reopen under Rule 60(b) for abuse of discretion.[4]  A decision under Rule 60(b) is not disturbed on appeal if the Family Court's findings of fact are supported by the record, and the court's explanations, deductions and inferences are the product of a logical and deductive reasoning process.[5]

(7)     In this case, the Family Court denied the motion to reopen after finding that Husband had "failed to allege facts sufficient to warrant reopening this case."  The court found that Husband "was represented by counsel and knowingly, voluntarily and intelligently waived his right to a hearing," and that Wife had "acted in good faith reliance on the [A]greement."

(8)     In his opening brief on appeal, Husband asserts that he should be granted a "limited modification" of the Agreement to correct "serious omissions and miscalculations" allegedly caused by his counsel's "lack of due diligence" during the "settlement process."  Husband contends that he

---

prospective application; or (6) any other reason justifying
relief from the operation of the judgment.

[3] *Tsipouras v. Tsipouras*, 677 A.2d 493, 496 (Del. 1996).

[4] *Hoffman v. Hoffman*, 616 A.2d 294, 297 (Del. 1992).

[5] *Mundy v. Devon*, 906 A.2d 750, 752-53 (Del. 2006).

first "realized his counsel's failure of not doing due diligence" on July 1, 2014, when he moved back to the United States to take possession of the Greenville property. According to Husband, because of his counsel's failure "to verify the reverse mortgage balance and . . . to consider monthly rising accruals for mortgage interest and insurance," Husband's "actual equity" in the Greenville property was "significantly less at time of settlement" and "continues to [lose] equity value every month."

(9) The Court has carefully reviewed the parties' submissions on appeal and the Family Court record. Considered together, the submissions and record reflect that the parties' negotiations on the ancillary matters culminated in their execution of the stipulated Agreement. It appears that the Agreement was drafted by Husband's counsel and that, as to the Real Property, the Agreement included terms proposed by Husband. After the Agreement was signed, Husband's counsel submitted it to the Family Court with a letter representing that the Agreement, if approved by the court, "resolves the pending matter." Thereafter, the Agreement was entered as an order of the court, and the parties proceeded as stipulated under the Agreement. Under these circumstances, the Court concludes that the Family Court did not abuse its discretion when denying Husband's motion to reopen under Rule 60(b).

6

(10)  It is clear that Husband is unhappy with – and faults his counsel for – the consequences of his decision to enter into the Agreement.  To the extent Husband claims that his counsel committed legal malpractice, Husband must raise such a claim in a separate civil action against his counsel.  Husband's claims against his counsel are not cognizable in this proceeding between Husband and Wife.

NOW, THEREFORE, IT IS ORDERED that Wife's motion to affirm is GRANTED.  The judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

7