Charles E. COX, Claimant-Appellee Below,
Appellant,

v.

GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Employer-Appellant Below, Appellee.

Supreme Court of Delaware.

Dec. 8, 1967.

James P. D'Angelo, Wilmington, for claimant-appellee below, appellant.

Max S. Bell, Jr. of Richards, Layton & Finger, Wilmington, for employer-appellant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The claimant's motion under Rule 60, Del.C.Ann., contained the following prayer:

"WHEREFORE your movant prays that this Court relieve him from the order of final judgment entered in this cause by this Court on October 29, 1965 by rescinding and revoking said order and remanding said cause to the Industrial Accident Board to take such further steps in the premises as would seem just and proper to said Board in the light of the affidavits filed herein and the facts evidenced by the transcript of the testimony before said Board and specifically to take such further proceedings in the matter to determine the effect of the variance between the facts as alleged in the Agreement as to Compensation and the facts testified to at the original hearing before said Board and upon which the case was tried."

Under the circumstances of this case, this application should have been granted, in our opinion, for the following reasons:

1) The unrefuted Affidavit of Elizabeth McClain indicates that in typing the Award of the Industrial Accident Board "no consideration was given to any of the testimony taken at the hearing"; that the identification of the accident and injury then being adjudicated by the Board was copied indiscriminately into the Award from the Compensation Agreement filed by the Employer, without regard for the accuracy of the fact thus incorporated into the Award.

2) If this actually happened, the Award does not accurately reflect the decision and judgment that the Board intended to enter.

3) This could explain the extraordinary situation the Superior Court found: "There is no evidence whatsoever to support the Board's finding that appellee is now permanently injured as the result of slipping and falling in June of 1962." In the absence of some such basic mistake, it is difficult to comprehend an Award of the Industrial Accident Board that has "no evidence whatsoever" to support it.

4) The Board should have the opportunity of correcting the Award if, in fact, a clerical mistake was made in its preparation regarding the identification of the accident and injury being adjudicated.

5) Both the Superior Court and this Court, in reviewing an Award, must be completely satisfied that the document under scrutiny actually represents the decision and judgment rendered by the Board. Reviewing courts may not properly perform their appellate functions under a cloud of doubt and confusion such as exists here regarding the meaning of the judgment under review, especially as is evidenced by the McClain Affidavit.

6) The confusion evident in the record in this case must be removed by the Board before a final judgment on appeal may be entered, and permitted to remain standing, with the requisite confidence in its accuracy and justice.

Accordingly, we think that the Superior Court should have vacated its judgment of October 29, 1965, under Rule 60(b) (6) authorizing such action for any "reason justifying relief from the operation of the judgment." Failure to do so constituted an abuse of discretion, in our view.

The Order denying the Rule 60 motion is reversed with instructions to the Superior Court (1) to vacate its judgment of October 29, 1965 and (2) to remand the case to the Industrial Accident Board with instructions to correct the error, if any, in its Award regarding the identification of the accident and injury adjudicated.