The **ARO CORPORATION**, Plaintiff,

v.

**ALLIED WITAN COMPANY** et al.,
Defendants.

**Civ. No. C 71–468.**

United States District Court,
N. D. Ohio, W. D.

Jan. 30, 1975.

George B. Newitt, Daniel M. Riess, Chicago, Ill., H. Stephen Madsen, Cleveland, Ohio, for plaintiff.

Louis A. Hecht, James R. Sweeney, Chicago, Ill., Albert L. Ely, Jr., Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon motion by plaintiff to vacate the order of the Court dismissing the suit without prejudice, pursuant to Rule 60, Fed.R. Civ.P., and to order specific performance of a settlement agreement which caused the suit's dismissal.

In its motion, plaintiff asserts that this case was dismissed due to a settlement agreement entered into by the parties to take effect April 1, 1974, one week after the Court's order dismissing the case without prejudice; that the defendants have not complied with the express written terms of the agreement;

and that fraud has been perpetrated by the defendant. As a consequence, plaintiff requests that the Court vacate the order dismissing the suit, reinstate the case, and order specific performance.

Defendant argues that the issue currently under dispute is purely a contract matter without an adequate jurisdictional base, and therefore the disagreement should be adjudicated in state rather than federal court. Further, the defendant asserts that the plaintiff has not performed a condition precedent to the formation of the written agreement settling the matters in dispute.

The Court has weighed carefully the earnest arguments of the respected litigants, represented by most able counsel, and finds that the motion filed by plaintiff to vacate the order of dismissal without prejudice should be granted.

■ The *threshold issue raised by* plaintiff's motion is whether there exists a jurisdictional basis for the Court to consider any breach of the settlement agreement. In the Court's view, jurisdiction rests upon the same footing as when the case began in 1971 since federal courts have consistently exercised their inherent powers to enforce agreements settling cases in which the court originally had jurisdiction. All States Investors Inc. v. Bankers Bond Co., 343 F.2d 618, 624 (6th Cir. 1965); Cummins Diesel Michigan, Inc. v. The Falcon, 305 F.2d 721, 723 (7th Cir. 1962); L. M. Leathers' Sons v. Goldman, 252 F.2d 188 (6th Cir. 1958). These decisions rest upon strong policy arguments favoring settlement of disputes. To take the defendant's position that the present motion to reinstate the case for alleged failure to comply with the terms of the settlement agreement is a mere contract dispute is to close one's eyes to the reason the agreement was formed. The agreement in question came into existence not in the free market place but in response to pending litigation in a federal court. It is not understating the issue to say that without the lawsuit, the agreement might never have come to pass. Therefore, the contract entered into between the parties cannot be viewed independently of the original suit; its formation was an outgrowth of this case.

In Kukla v. National Distillers Products, 483 F.2d 619 (6th Cir. 1973), the Sixth Circuit Court of Appeals stated that to effectuate a policy favoring settlement of disputes, the power of a trial judge to enforce a settlement agreement will be upheld even if the agreement has not been arrived at in the presence of the court. See also Good v. Pennsylvania R. R. Co., 384 F.2d 989, 990 (3rd Cir. 1967). In order to determine their intent, it is necessary that the Court vacate the dismissal order and affix the rights and duties of the parties under the settlement agreement so that relief may be granted as justice requires.

■ Rule 60(b)(6), Fed.R.Civ.P., provides that the Court may relieve a party from a final order for any reason justifying relief from the operation of the judgment. If a party has entered into a settlement agreement causing this Court to dismiss a lawsuit and then, in disregard of the agreement, acts or fails to act in contravention of its terms, this Court believes that the interests of justice require reinstatement of the case so as to determine the liability of a party, if any, for a breach of the agreement.

The case cited by the defendant, Kysor Industrial Corp. v. Pet, Inc., 459 F.2d 1010 (6th Cir. 1972) is distinguishable on the facts. In *Kysor*, the contract relating to patent licenses was entered into by the parties before the commencement of litigation and then the agreement and its meaning served as the basis of a lawsuit filed in state court, removed to federal court, then remanded back to state court by the Sixth Circuit Court of Appeals since actions to enforce patent license agreements are not within the exclusive federal jurisdiction. In the case at bar, the patent license agreement was in response to pending

litigation resting upon an independent jurisdictional base. The defendant's contention that the agreement would not take effect until one week after the case was dismissed without prejudice and therefore no case was actually pending at the time exalts form over substance. The fact remains that the case was dismissed in anticipation of the parties reducing their agreements to writing which they ultimately did. Whether the agreement was entered into immediately prior to or after the docketing of the settlement by the Court is irrelevant for consideration of the present motion.

The interests of justice mandate not only granting the motion of plaintiff for relief from the judgment, pursuant to Rule 60, and reinstatement of the case upon the Court's docket, but also specific performance of the settlement agreement, which is plainly written and open to no serious doubts as to its meaning. The claim of the defendant that the plaintiff has not performed a condition precedent to the written settlement agreement thereby relieving the defendant of its duties is specious in light of the parol evidence rule. This claim has no merit. To further delay this matter is not in the best interests of the plaintiff who has negotiated the agreement in good faith.

Therefore, for the reasons stated herein and for good cause appearing, it is

Ordered that the motion filed by plaintiff for relief from the order of the Court dismissing this case without prejudice should be and hereby is granted, and it is

Further ordered that this case should be and hereby is reinstated upon the Court's pending Eastern Division docket, and it is

Further ordered that the motion filed by plaintiff for specific performance of the settlement agreement should be and hereby is granted, and it is

Further ordered that defendant Allied Witan, its officers, agents, servants, employees, and attorneys should be and hereby are enjoined from not complying with the terms of the settlement agreement.

It is so ordered.