Fred **JEWELL**, Petitioner Below, Appellant,

v.

**DIVISION OF SOCIAL SERVICES,** Respondent Below, Appellee.

Supreme Court of Delaware.

Submitted March 21, 1979.

Decided April 5, 1979.

Frederick S. Kessler, Community Legal Aid Society, Inc., Wilmington, for petitioner below, appellant.

Dana S. Shreve, Asst. Atty. Gen., Dover, for respondent below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

HORSEY, Justice:

Appellant seeks relief under Rule 60(b)(6) of the Superior Court Rules of Civil Procedure from a stipulated dismissal, without prejudice, of his appeal from an adverse Family Court decision awarding custody of his former wife's children to the Division of Social Services of Delaware.

After the Superior Court had ordered a trial *de novo* of the case on appeal counsel, before trial, entered into a stipulation concerning custody of the children, on the basis of which a consent order of dismissal was entered under Rule 41(a)(1)(II).

Appellant seeks relief from the judgment because within six months of its entry his visitation rights were revoked without explanation and an action to terminate the parental rights of the mother begun—with the intent of having the children placed for adoption. The facts are not in dispute, nor is it disputed that a termination of parental rights will foreclose appellant from any possibility of obtaining custody of the children.

The parties dispute whether the Division's actions breached the Stipulation of dismissal, as appellant contends, or were authorized under its terms, as the Division contends. The Stipulation provides, in part, as follows:

"5. If and when physical custody is returned to Appellant (depending on his ability to fulfill the responsibilities set forth herein), legal custody will continue to be held by the Division of Social Services for a reasonable period of time. (e. g. six months). If emergency medical treatment becomes necessary, the Appellant, Fred Jewell, is authorized by the Division of Social Services and Children's Bureau of Delaware, Inc. to authorize immediate medical care. An immediate report shall be made by Appellant to Children's Bureau concerning any such treatment. Subsequently, custody will be fully granted to Appellant so long as he continues to fulfill the responsibilities set out herein, and subject to the approval of the Court if necessary. Children's Bureau of Delaware is to supervise the home of Appellant in a supportive capacity. 6. Monthly evaluations to assess the progress as well as monthly contacts following family visits are to continue for at least nine months from the effective date of this Stipulation."

While the Court found the Division's actions to be "an abandonment of the course contemplated in the stipulation . . ." and ". . . inconsistent with any hope . . . that the children would return to [appellant's] custody", the Court declined to find the Stipulation to have been breached. The Court relied on the Stipulation's several

conditions on custody of the children being returned to appellant and equated breach with breaking one's word or an act of bad faith. The Court then concluded that for relief to be granted under Rule 60, proof that the Division broke its word, entered into the stipulation in bad faith, or committed a fraud was required. Finding no evidence of such, the Court denied relief—without referring to Rule 60(b), its particular subdivision under which relief was sought, or its standard for relief.

Rule 60(b) provides, in part, as follows:
"RULE 60. RELIEF FROM JUDGMENT OR ORDER
(a) *Clerical Mistakes.*

\* \* \* \* \* \*

(b) *Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment . . ."

■ Since relief was sought under subparagraph (b)(6) of the Rule, fraud, bad faith, or misleading conduct was not the issue, as the Court framed it, but rather, whether "any other reason" justified relief. Delaware law interpreting 60(b)(6) is limited but pertinent and demonstrates that (6) is an independent ground for relief, with a different standard to be applied than under its other subdivisions, in particular (1) and (3). See *Cox v. General Motors Corporation,* Del.Supr., 239 A.2d 706 (1967); and *In the Matter of T.E.M.,* 7698 Civil Action, 1975 (decided May 20, 1976).\*

Federal case law under Rule 60(b) of the Federal Rules of Civil Procedure holds that the standard or test for granting a (b)(6) motion is a showing of "extraordinary situation or circumstances". See *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, 336 U.S. 949, 69 S.Ct. 877, 93 L.Ed. 1105 (1949); *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); and *ARO Corp. v. Allied Witan Co.,* 65 F.R.D. 513 (1975), aff'd, 6 Cir., 531 F.2d 1368 (1976) (judgment based on Stipulation of settlement—vacated as being "in the interest of justice" by reason of nonmoving party's disregard and attempted repudiation of the terms of settlement). (531 F.2d 1368, 1371)

■ We adopt as the standard for a Rule 60(b)(6) motion the "extraordinary circumstances" test as set forth in the above-cited cases. As the Supreme Court stated in *Klapprott,* the words, "any other reason justifying relief" of 60(b)(6) " . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice". (335 U.S. 601 at 615, 69 S.Ct. 384 at 390, 93 L.Ed. 266)

■ Applying the "extraordinary circumstances" standard to the facts before us, we conclude that a case of extraordinary circumstances is made out by appellant; that is, that the Division, by its action taken

---

\* granting relief under 60(b)(6), vacating an Order terminating parental rights as to a child not yet placed for adoption and ordering a new trial to permit alleged natural father to be heard, notwithstanding his failure to prove right to relief for excusable neglect under (b)(1). The Court found "normal default judgment precedents" not to be appropriate; that the "[i]ssues are deeper here than those involved in opening a monetary judgment: and " . . . no-one is prejudiced by allowing the recently entered judgment to be vacated so that the father may have his trial on the merits . . . ."

within six months of the parties' Stipulation, frustrated or vitiated the underlying basis for the settlement.

The clear import of the Stipulation was that the Division held out to appellant a reasonable hope or expectation of his regaining physical custody of the children in approximately six months *and* a possibility thereafter of obtaining legal custody of them. In return for this expectancy, albeit it depended on his performance, appellant relinquished his right on appeal to re-trial of the Family Court's award of permanent custody to the Division. Having abandoned his appeal, appellant has no standing to oppose the termination of parental rights since the Division now has legal custody.

The judgment was based on an agreement and hence was a consent judgment. See *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.,* Del.Super., 364 A.2d 826 (1976). Justice requires that such a judgment be reopened—to permit re-trial of the custody question—since the agreement on which it was based was frustrated. *ARO Corp. v. Allied Witan Co.,* supra. Having so held, we do not reach appellant's other ground for reversal.

\* \* \* \* \* \*

REVERSED.