IN THE SUPERIOR COURT OF THE SATED OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DELPHI PETROLEUM, )
                                )
         Plaintiff, )
                                )
                                ) C. A. No. N12C-02-302 FWW
            v. )
                                )
MAGELLAN TERMINALS )
HOLDINGS, L.P., )
                                )
Defendant. )

Submitted: July 14, 2014
Decided: August 1, 2014

On Plaintiff's Motion for Reconsideration
**DENIED**

**ORDER**

This 1st day of August, 2014, upon consideration of the Plaintiff's Motion for Reconsideration, the Defendant's Response in Opposition, oral argument and the unsolicited submissions of the parties after argument, it appears to the Court that:

(1)      By Opinion and Order Regarding Defendant's Motion to Dismiss dated May 2, 2014, the Court granted, *inter alia,* Defendant's Motion to Dismiss Plaintiff's claim for fraud.

(2)     On May 12, 2014, Plaintiff moved for "reconsideration" of the Court's May 2nd Order dismissing the fraud count.

(3)     On May 19, 2014 Defendant responded in opposition to the Motion for Reconsideration, pointing to Superior Court Civil Rule 59(e)'s requirement that motions for reargument be "served and filed within 5 days after the filing of the Court's opinion or decision."[1]

(4)     At oral argument, Plaintiff's counsel acknowledged that if the motion were treated as a motion for reargument, it would be time-barred.  Instead, he suggested that it should be treated as a motion for reconsideration under Superior Court Civil Rule 60(b)(6), which allows the Court to relieve a party from a final order for "any other reason justifying relief from the operation of the judgment."[2]

(5)     Delaware has adopted an "extraordinary circumstances" test for granting relief under Rule 60(b)(6).[3]  Plaintiff has not met that standard, nor even attempted to meet that standard.  Instead, Plaintiff has argued that the Court has misapprehended established Delaware law.  Misapprehension of Delaware law is not the standard for Rule 60(b)(6) applications.  Rather, it is a Rule 59(e) test.[4]

(6)     It is clear to the Court that despite Plaintiff's attempt to cast its motion as a motion under Rule 60(b)(6), it is really a Rule 59(c) reargument motion. As

---

[1] Del. Super. Ct. R. Civ. P. 59(e).
[2] Del. Super. Ct. R. Civ. P. 60(b)(6).
[3] *Jewell v. Div. of Soc. Servs.* 401 A.2d 88, 90 (Del.1979).
[4] *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.,* 2014 WL 1724844 (April 29, 2014).

such, it is time-barred.

NOW, THEEFORE, IT IS **ORDERED** that the Plaintiff's Motion for Reconsideration is **DENIED.**

_____
**/s/Ferris W. Wharton, Judge**