IN THE SUPREME COURT OF THE STATE OF DELAWARE

KIM SHULTZ,[1]                        §
                                      § No. 279, 2018
   Petitioner Below,                  §
   Appellant,                         § Court Below—Family Court
                                      § of the State of Delaware
   v.                                 §
                                      § File No. CS17-02174
TRACY SATCHEL and MARK                § Petition No. 17-19495
LEVY,                                 §
                                      §
   Respondent Below,                  §
   Appellee.                          §

Submitted:  November 16, 2018
Decided:    January 7, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The petitioner below-appellant, Kim Shultz, filed this appeal from the Family Court's order, dated May 10, 2018, denying Shultz's motion for reconsideration of a "Petition for *De Facto* Parent [age Determination]." We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     In June 2017, Shultz filed a petition (the "Petition") seeking a determination under the Delaware Uniform Parentage Act[2] that he is a *de facto* parent of a child ("the Child") born in May 2017.  The petition was accompanied by an affidavit of parentage identifying the respondent below-appellee Tracy Satchel and respondent below-appellee Mark Levy as the biological parents of the Child.  Shultz and Satchel were both inmates at Baylor Women's Correctional Institution.  According to the petition, Shultz had assumed primary parental responsibilities for the Child, provided shelter for the Child with Shultz's mother, provided health insurance, clothing and food for the Child, and participated in parenting classes and a read aloud program.

(3)     The Family Court dismissed the Petition in an order dated July 10, 2017.  The Family Court held that Shultz could not meet the criteria for *de facto* parent status under 13 *Del. C.* § 8-201(c) because Shultz had no relationship with the Child and because of incarceration, had not exercised any parental responsibility or acted in a parental role for any length of time with the Child.  To establish *de facto* parent status under 13 *Del. C.* § 8-201(c), the petitioner must have: (i) the support and consent of the child's parents; (ii) exercised parental responsibility for the child as that term is defined in § 1101 of Title 13; and (iii) acted in a parental role for a

---

[2] 13 *Del. C.* § 8–101 *et seq*.

length of time sufficient to have established a bonded and dependent relationship that is parental in nature.

(4) On April 26, 2018, Shultz moved for reconsideration of the Petition. Shultz stated that the § 8-201(c) criteria were satisfied because, among other things: Satchel supported the Petition; the Child resided with Shultz's mother who was a guardian of the Child along with Satchel's mother; Shultz provided money every month for the Child; Shultz participated in a read aloud program; Shultz communicated with the Child by telephone and mail; and Shultz cared for Satchel during her pregnancy. In a May 10, 2018 order, the Family Court denied the Petition, finding it untimely under Family Court Civil Rule 59 and that Shultz had failed to establish a basis for reopening the judgment under Family Court Civil Rule 60.

(5) This appeal followed. On appeal, Shultz requested preparation of a transcript, at State expense, from guardianship proceedings involving the Child. The Family Court denied the request, holding that Shultz was not a party to the guardianship proceedings and that the transcript was irrelevant to the denial of Shultz's motion for reconsideration.

(6) On appeal, Shultz argues that: (i) a motion for reconsideration was previously filed on July 24, 2017; (ii) the Family Court violated Shultz's Fourteenth Amendment rights by denying the motion for reconsideration under Rule 60; and (iii) the Family Court violated Shultz's Eighth and Fourteenth Amendment rights by

3

denying the request for transcripts at State expense. The Mother filed an answering brief in support of Shultz's position. We review the denial of a motion for reargument under Rule 59 and a motion to reopen the judgment under Rule 60 for an abuse of discretion.[3]

(7) The Family Court did not err in denying Schulz's motion for reconsideration under Rule 59 or Rule 60. Under Rule 59(e), a motion for reargument must be served and filed within ten days after the filing of the Family Court's decision. The Family Court order dismissing the Petition was docketed on July 11, 2017. A motion for reargument was therefore due by July 21, 2017.[4] The motion for reconsideration that appears in the Family Court docket was filed on April 26, 2018, long after the July 21, 2017 deadline.

(8) To the extent Schulz relies on a motion for reconsideration that the Family Court received on July 24, 2017 and allegedly returned without explanation, that motion was also untimely under Rule 59. Even if that motion was timely, the motion raised new facts in support of the Petition and rehashed arguments previously raised. The motion did not show that the Family Court overlooked an applicable

---

[3] *Chrin v. Ibrix Inc.*, 2012 WL 6737780, at *2 (Del. Dec. 31, 2012); *MCA, Inc. v. Matsuhita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 633 (Del. 2001);

[4] Fam. Ct. Civ. R. 6(a) (in computing time period of seven days or more, intermediate Saturdays, Sundays, and legal holidays are included); Fam. Ct. Civ. R. 59(e) ("A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision.").

legal precedent or misapprehended the law or facts in a manner that affected the outcome of the decision.[5]

(9) Under Rule 60(b), the Family Court may relieve a party from a final judgment for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) the judgment is void; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason justifying relief. A petitioner must demonstrate "extraordinary circumstances" to obtain relief under Rule 60(b)(6).[6] In the motion for reconsideration, Shultz reargued the Petition and asserted additional facts in support of the Petition. The Family Court did not err in holding that Shultz failed to state any basis for relief under Rule 60(b).

(10) On appeal, Schulz argues for the first time that relief under Rule 60 was appropriate because: (i) the Family Court relied upon a letter that was returned for Shultz's failure to copy the other parties; and (ii) the Family Court could not rely upon Shultz's inmate status to dismiss the Petition while adjudicating another inmate (who was identified as the biological father in the affidavit of parentage filed with

---

[5] *Chrin*, 2012 WL 6737780, at *2 (recognizing that the proper purpose of a motion for reargument "is to request the trial court to reconsider whether it overlooked an applicable legal precedent or misapprehended the law or the facts in such a way as to affect the outcome of the case, not to raise new issues").

[6] *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1979).

the *de facto* parent petition) to be the father of the Child.  Absent plain error, which we do not find, we will not consider these arguments for the first time on appeal.[7]

(11)   Finally, the Family Court did not err in denying Shultz's petition for preparation of a transcript from the guardianship proceeding at State expense.  A civil litigant does not have an absolute right to a transcript at State expense.[8] Shultz was not a party to the guardianship proceeding and has not shown how a transcript from the guardianship proceeding is relevant to the Family Court's denial of the motion for reconsideration.  Having carefully considered the positions of the parties, we conclude that the judgment of the Family Court must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] Supr. Ct. R. 8.
[8] *Porter v. Mannion*, 2004 WL 1656507, at *2 (Del. July 20, 2004).

6