IN THE SUPREME COURT OF THE STATE OF DELAWARE

CAMILLA DICE VERCELLI,[1] §
§
    Petitioner Below, § No. 334, 2019
    Appellant, §
§ Court Below—Family Court
    v. § of the State of Delaware
§
JACOB LIGOTTI, § File No. CK16-01278
§ Petition No. 16-08000
    Respondent Below, §
    Appellee. §


Submitted: January 10, 2020
Decided: February 26, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant ("Ex-Wife") filed this appeal from the Family Court's order, dated July 15, 2019, denying Ex-Wife's motion for reconsideration of the Family Court's order resolving matters ancillary to Ex-Wife's divorce from the appellee ("Ex-Husband"). For the reasons discussed below, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2) The parties were married on November 10, 2012, separated in February 2016, and divorced by decree of the Family Court on April 21, 2017. The Family Court retained jurisdiction to resolve matters ancillary to the divorce, but dismissed the ancillary proceeding on June 30, 2017, after both parties failed to submit their Rule 16(c) financial reports. At the request of Ex-Wife, and over Ex-Husband's objection, the Family Court reopened the ancillary proceeding on December 6, 2017.

(3) After an evidentiary hearing in December 2018, the Family Court entered a final judgment on April 5, 2019, dividing the marital estate and awarding alimony to Ex-Wife. The court determined that Ex-Wife was entitled to alimony of $1,316 per month for a period of twenty-six months—or one-half the duration of the marriage[2]—effective from the date of separation.[3] The court calculated that the total alimony award was $34,216 ($1,316 x 26 months), subtracted interim alimony payments of $19,500 that Ex-Husband had made, and determined that the balance of Ex-Husband's alimony obligation was $14,716. The court ordered Ex-Husband to pay Ex-Wife $14,716 in monthly installments of $566 per month for twenty-six months.[4]

---

[2] See 13 Del. C. § 1512(d) ("A person shall be eligible for alimony for a period not to exceed 50% of the term of the marriage with the exception that if a party is married for 20 years or longer, there shall be no time limit as to his or her eligibility . . . .").

[3] See File No. CK16-01278, Petition No. 16-08000, Docket Entry No. 119/122, Decision and Order ("Ancillary Order"), at 17 (Del. Fam. Ct. Apr. 5, 2019).

[4] Id. at 17.

(4)     During the ancillary hearing in December 2018, Ex-Wife had revealed that she was cohabitating with her boyfriend.  In the order awarding alimony, the court determined that the cohabitation had begun thirty-four months after her separation from Ex-Husband, and that the cohabitation therefore did not affect Ex-Wife's eligibility to collect alimony for the twenty-six-month period following separation.[5]

(5)     On June 21, 2019, Ex-Wife filed a motion for reconsideration.[6]  In the motion, Ex-Wife argued that (i) her entitlement to alimony should not have been terminated based on her cohabitation because the person with whom she was cohabitating had later been arrested and had not contributed to household expenses,

_____

[5] *Id.  See* 13 *Del. C.* § 1512(g) ("Unless the parties agree otherwise in writing, the obligation to pay future alimony is terminated upon the death of either party or the remarriage or cohabitation of the party receiving alimony.  As used in this section, 'cohabitation' means regularly residing with an adult of the same or opposite sex, if the parties hold themselves out as a couple, and regardless of whether the relationship confers a financial benefit on the party receiving alimony.").
        Elsewhere in the order, the court stated that Ex-Wife was eligible to receive retroactive alimony "from the date of *divorce* until she began cohabitating with her boyfriend."  Ancillary Order, at 16 (emphasis added).  Ex-Wife began cohabitating with her boyfriend thirty-four months after the parties' separation but only twenty months after their divorce.  The Family Court awarded the appellant Ex-Wife alimony for twenty-six months—the maximum period for which she was eligible under 13 *Del. C.* § 1512(d)—and held that the cohabitation did not eliminate her entitlement to alimony because the cohabitation began more than twenty-six months after separation.  Ex-Husband has not appealed that decision, and we therefore do not decide whether the period of eligibility under Section 1512(d) begins to run at the time of separation or at the time of divorce for purposes of deciding whether and how cohabitation affects a retroactive alimony obligation.

[6] The Family Court's order denying Ex-Wife's motion for reconsideration states that the motion was filed on June 18, 2019.  The record indicates that the Family Court received the motion on June 21, 2019 and docketed it on June 24, 2019.  Whether the motion was filed on June 18 or June 21, it was untimely, for the reasons discussed below.

3

and (ii) the Family Court had erroneously calculated the amount of Ex-Husband's retirement benefits earned during the marriage when dividing the marital estate. The Family Court denied the motion, holding that it was untimely under Family Court Civil Rule 59(d) and (e). The court also addressed the motion on the merits. With respect to the alimony award, the court explained that the court had awarded Ex-Wife alimony for the full twenty-six-month period for which she was eligible, and the award had not been affected by cohabitation because the cohabitation began after the twenty-six-month period ended. With respect to the property division, the court stated that Ex-Wife's motion for reconsideration "reasserted her position at trial" and attempted to support that position with additional information that she had not presented at trial, but which she could have discovered before trial. Ex-Wife has appealed to this Court.

(6) The Family Court did not err by denying Ex-Wife's motion for reconsideration. Under Rule 59(e), a motion for reargument must be served and filed within ten days after the filing of the Family Court's decision.[7] The Family Court order resolving the ancillary matters was docketed on April 5, 2019. A motion

---

[7] DEL. FAM. CT. CIV. R. 59(e). *See also id.* R. 59(b) (providing that a "motion for a new trial shall be served and filed not later than 10 days after the entry of judgment"); R. 59(d) ("A motion to alter or amend the judgment shall be served and filed not later than 10 days after entry of the judgment.").

for reargument was therefore due by April 15, 2019.[8] Ex-Wife's motion for reconsideration was filed on June 21, 2019, long after the April 15, 2019 deadline.[9]

(7) Ex-Wife contends that the Family Court should have reconsidered its order on alimony and property division in the interests of justice. Under Rule 60(b), the Family Court may relieve a party from a final judgment for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct; (4) the judgment is void; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason justifying relief. "A petitioner must demonstrate 'extraordinary circumstances' to obtain relief under Rule 60(b)(6).[10] In the motion for reconsideration, Ex-Wife sought to rehash her arguments regarding the property division and to submit additional facts that were not newly-discovered evidence within the meaning of Rule 60(b)(2). And she sought reconsideration of the alimony award based on an incorrect assertion that the Family Court terminated Ex-Wife's eligibility for alimony based on her cohabitation. The Family Court did not err in

---

[8] *See id.* R. 59(e) ("A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision."); *id.* R. 6(a) (in computing time period of seven days or more, intermediate Saturdays, Sundays, and legal holidays are included).

[9] *See Shultz v. Satchel*, 2019 WL 125677, at *2 (Del. Jan. 7, 2019) (holding that motion for reconsideration filed in the Family Court was untimely under Rule 59(e)).

[10] *Id.* (quoting *Jewell v. Div. of Social Servs.*, 401 A.2d 88, 90 (Del. 1979).

5

holding that Ex-Wife failed to state any basis for relief from the Family Court's April 5, 2019 order.[11]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[11] *Id.*