# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                              )
     v.                )     I.D. No. 1109012491
                              )
DAVID SALASKY,         )
                              )
     Defendant.      )

Submitted: December 4, 2023
Decided: December 14, 2023

*Upon Defendant David Salasky's Motion for Reconsideration and Request for "New Counsel"*
**DENIED**

## ORDER

Andrew Vella, Esquire, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for State of Delaware.

David Salasky, SBI # 416154/T-94291, c/o Massachusetts Department of Correction @ SBCC c/o Harvard Road, P.O. Box 8000, Shirley, MA 01464-8000 Defendant, *pro se.*

**WHARTON, J.**

This 14th day of December, 2023, upon consideration of Defendant David Salasky's ("Salasky") Motion for Reconsideration and the record in this matter, it appears to the Court that:

1.  On October 27, 2023, this Court denied Salasky's ("Salasky") Motion Seeking Removal of Protective Order Applied by the Superior Court in the Above Case in Order for Defendant to Access Remaining Case/Work File Needed to Pursue Case Relief in in [sic] Lieu of Post-Conviction Relief in Supreme Court Case # 492, 2022 ("Motion to Remove Protective Order"); Motion to Withdraw Counsel of Record: DE Public Defender's Office ("Motion to Withdraw Counsel"); Motion for Post Conviction Touch DNA Access Relief and Remedy ("Motion for DNA"); and Motion for "Murder Book" or "File," (Motion for Murder Book").[1]

2.  Salasky did not appeal that decision. Instead, he has filed a Motion for Reconsideration of the Court's determination to deny his Motion to Withdraw Counsel as moot.[2] He also seeks new counsel.[3]

3.  In denying all of Salasky's motions, this Court referenced the Delaware Supreme Court's most recent comments affirming an earlier decision of this Court:

> (1)  In September 2013, the appellant, David Salasky, pleaded guilty but mentally ill to two counts of first-degree murder, four counts of possession of a deadly weapon during the commission of a felony, and related offenses. In January 2014, the Superior Court

---

[1] *State v. Salasky,* 2023 WL 7105284 (Del. Super. Ct. Oct. 27, 2023).
[2] Mot. for Reconsideration, D.I. 242.
[3] *Id.*

2

sentenced Salasky to two life sentences plus a term of years.

(2)    In October 2017, Salasky filed a motion for postconviction relief under Superior Court Criminal Rule 61 seeking to set aside his guilty plea. The Superior Court denied the motion in February 2018. Although the motion was untimely, the Superior Court nevertheless considered its merits and found, among other things, that Salasky's plea was made knowingly and voluntarily. Salasky did not appeal. Between March 2019 and April 2022, Salasky filed four more motions seeking to set aside his guilty plea, all of which were denied.

(3)    On November 28, 2022, Salasky filed another motion to set aside his guilty plea. The Superior Court denied it, and this appeal followed.[4]

4.    With respect to Salasky's Motion to Withdraw Counsel, this Court wrote:

> **Motion to Withdraw Counsel.**  In this motion, Salasky states that there are and have been irreconcilable differences between him and the Public Defender's Office. He wants that office removed as his attorneys.[5]  But, the Office of the Public Defender has not been representing Salasky at least since he filed his *pro se* first postconviction relief motion in 2017.  In reality though, that office's representation of Salasky ended when he did not appeal his plea and sentence in 2014.  Therefore the Motion to Withdraw Counsel is **DENIED as MOOT**.[6]

Salasky's present Motion is at various times a complaint about the effectiveness of his prior counsel regarding their failure to file a direct appeal and

---

[4] *Salasky v. State,* 2023 WL 62944987 at *1 (Del. Sep. 26, 2023).
[5] *Id.*
[6] *Salasky v. State,* 2023 WL 7105284, at *2.

postconviction relief motions and a complaint about the location where he currently is incarcerated "in the backwoods state of Massachusetts, in a level 6 facility."[7] The location of his incarceration, he alleges, is a violation of his plea agreement.[8] He does not address the standard a court employs when considering reconsideration motions, nor does he address why the Court should consider the Office of Defense Services to be his current counsel.

5.     Reconsideration under Superior Court Civil Rule 60, made applicable by Superior Court Criminal Rule 57(d), allows the Court to relieve a party or a party's representative from a final order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment or reversed judgment upon which the challenged judgment was based; and (6) any other reason justifying relief.[9]

6.     Delaware has adopted an "extraordinary circumstances" test for granting relief under Rule 60(b)(6).[10] Salasky has not met that standard, nor even attempted to meet that standard. Instead, he has argued that the merits of what more properly might be described as a postconviction relief claim and a request for counsel.

---

[7] D.I. 242.
[8] *Id.*
[9] Superior Court Civil Rule 60.
[10] *Jewell v. Div. of Soc. Servs.* 401 A.2d 88, 90 (Del.1979).

4

7.     As the Court observed when it denied Salasky's Motion to Withdraw Counsel, it is unnecessary to discharge the Office of Defense Services because that office has not represented Salasky for years.  Once representation is undertaken, it does is not last in perpetuity.  There was no error in the Court's denial as moot of Salasky's Motion to Withdraw Counsel.

8.     The Court further determines that Salasky is not entitled to the appointment of counsel pursuant to Rule 61(e)(5).

**THEREFORE,** Salasky's Motion for Reconsideration and Request for "New Counsel" is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.